**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALEXA RUFFIN, )<br><br>Plaintiff, )<br><br>v. )<br><br>WATERTON RESIDENTIAL, L.L.C., )<br><br>Defendant. ) | Case: 1:24-cv-11247<br><br><br><br>Jury Trial Demanded |

---

**COMPLAINT**

Plaintiff, Alexa Ruffin ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Waterton Residential, L.L.C. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Alexa Ruffin, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Waterton Residential, L.L.C. is a limited liability company doing business in and for Cook County whose address is 555 W Madison Street, Chicago, Illinois 60661-2514.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

11.     Plaintiff worked for Defendant as a resident coordinator from in or around June 2024 through August 29, 2024.

12.     Since the beginning of Plaintiff's employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

13.     Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14.     On or around July 18, 2024, Plaintiff reported to Human Resource ("HR") Representative Ximena Garcia ("Ms. Garcia") that Plaintiff was being harassed by co-workers Michael Flood ("Mr. Flood") and his niece, Angelique Zamora ("Ms. Zamora").

15.     Plaintiff described how Mr. Flood would made inappropriate sexual advanced and comments to Plaintiff, including: "my wife gives me a hall pass and I'm just looking for the right partner," "you're so beautiful," and "you're so good with the residents."

16.     Plaintiff also reported that Ms. Zamora had been aggressive toward Plaintiff, including yelling at Plaintiff and calling Plaintiff a "bitch" in front of both coworkers and residents.

17.     HR Representative Ms. Garcia assured Plaintiff that she would look into the matter.

18.     Plaintiff also informed Ms. Garcia that Plaintiff was uncomfortable speaking directly to Mr. Flood about his behavior because he is best friends with Plaintiff's direct supervisor, Howard Gottlied ("Mr. Gottlied").

3

19.    As a result, Plaintiff attempted to avoid engaging with Mr. Flood.

20.    On or around August 2, 2024, Plaintiff went to lunch with co-worker Dominique White ("Ms. White"), who said it was her treat.

21.    During lunch, Mr. Flood enter the restaurant, but he did not approach Plaintiff.

22.    When Ms. White went to pay, they were informed that our lunch had already been covered.

23.    Later, Plaintiff saw her supervisor Mr. Gottlied Walk into the restaurant to meet Mr. Flood for lunch.

24.    Two weeks later, HR called Plaintiff in and questioned Plaintiff about the restaurant visit.

25.    They asked what Plaintiff had ordered, and Plaintiff mentioned that she was unsure.

26.    HR then referenced a credit card statement showing a purchase for alcohol on Mr. Flood's card and claimed Mr. Flood said he paid for Plaintiff's and Ms. White's lunch.

27.    Plaintiff clarified that she did not see Mr. Flood pay for their meal and expressly affirmed that Plaintiff did not consume alcohol.

28.    Plaintiff also reminded HR that Mr. Flood was the same person Plaintiff had previously complained about and that she felt uncomfortable around him, so she definitely was not drinking with him at the restaurant.

29.    HR dismissed Plaintiff's concerns, saying not to worry about it any further.

30.    On or around August 28, 2024, Mr. Gottlied informed Plaintiff that she was suspended due to suspicions of drinking on the job in reference to Plaintiff's August 2 lunch with

Ms. White.

31.     When Plaintiff asked Mr. Gottlied if he saw a drink in Plaintiff's hand at the restaurant, he said he had not seen Plaintiff.

32.     The next day, on or around August 29, Plaintiff was terminated for the alleged incident, despite the fact that the charge for alcohol was on Mr. Flood's credit card and Plaintiff did not have any alcoholic drinks.

33.     Despite the alcoholic charge being on Mr. Flood's card, and not Plaintiff's, Plaintiff suffered an adverse employment action.

34.     Mr. Flood suffered no adverse employment action for his conduct.

35.     Ultimately, Plaintiff was unlawfully terminated because of her sex, (female) on August 29, 2024.

36.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

37.     Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

38.     Plaintiff reported the sexual harassment to Defendant to which Defendant did not properly investigate or take any remedial measures.

39.     Plaintiff was targeted for termination because of her sex and reporting of sex-based harassment.

40.     Defendant's explanation for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation.

41.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

5

42. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to human resources about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45. Defendant knew or should have known of the harassment.

46. The sexual harassment was severe or pervasive.

47. The sexual harassment was offensive subjectively and objectively.

48. The sexual harassment was unwelcomed.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

52. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Plaintiff met or exceeded Defendant's performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

57. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

60. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

61. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

62. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

63. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.*

64. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

65. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

66. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

67. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

68. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Punitive damages;

h.      Reasonable attorney's fees and costs; and

i.      For any other relief this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of October, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

9